UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1352 JVS(DFMx) | Date | October 22, 2018 |

Title: Jessica Garcia v. Chipotle Mexican Grill Service Co., LLC et al.

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Karla J. Tunis | Not Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

On August 2, 2018, Chipotle Services LLC ("Chipotle") removed this action to federal court. (Ntc., Docket No. 1.) Plaintiff Jessica Garcia ("Garcia") filed a motion for remand to state court on August 31, 2018. (Mot., Docket No. 12.) Chipotle opposed. (Opp'n., Docket No. 14.)

For the following reasons, the Court **grants** Garcia's motion to remand.

**I. BACKGROUND**

Garcia alleges that she was subjected to unlawful sexual harassment by her coworkers, including a coworker named "Eloy" while she was employed at Chipotle. (Mot., Docket No. 1, Ex. A ¶ 19.) On June 1, 2016, Garcia sent a letter Chipotle Human Resources describing sexual harassment, missed breaks, and unsafe food handling practices. (Id. ¶ 24.) After Garcia sent the letter, Eloy Orozco ("Orozco") was transferred to another location. (Id. ¶ 25.) Garcia alleges that she experienced retaliation for sending the letter. (Id. ¶¶ 26–27.) On June 28, 2016, Garcia sent another complaint to Human Resources explaining the retaliation and recounting an incident of sexual harassment. (Id. ¶ 28.) On July 5, 2016, Garcia resigned from employment. (Id. ¶ 32.) On November 10, 2016, Garcia filed charges of harassment, discrimination, retaliation, failure to prevent discrimination, and wrongful termination against Chipotle with the California Department of Fair Employment and Housing ("DFEH") indicating that she "was sexually harrassed by [her] co-worker." (Id. ¶ 11; Ntc., Docket No. 1, Ex. F at 17.) That same day, Garcia received a Notice of Case Closure ("right-to-sue letter") giving her

JS - 6
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-1352 JVS(DFMx)                              Date   October 22, 2018

Title      Jessica Garcia v. Chipotle Mexican Grill Service Co., LLC et al.

the right to sue the defendants. (Mot., Docket No. 1, Ex. A ¶ 11.)

On August 18, 2017, Garcia filed suit against Chipotle and Orozco in Orange County Superior Court. (Ntc., Docket No. 1, Ex. A.) On September 11, 2017, DFEH sent a right-to-sue letter based on Garcia's amended DFEH complaint, which named Orozco as a respondent. (Ntc., Docket No. 1, Ex. F.)

Garcia and Orozco are both citizens of California. (Id. ¶¶ 2–3.) Chipotle is a citizen of Delaware and Colorado. (Ntc., Docket No. 1 ¶ 12.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This strong presumption "against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is "complete diversity between the parties" only if "each defendant is a citizen of a different State from each plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis omitted). But a well-established exception to the requirement of complete diversity arises "where a non-diverse defendant has been 'fraudulently joined'" or is otherwise known as a sham defendant. Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). Joinder of a non-diverse defendant is deemed fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

In assessing whether the plaintiff fails to state a cause of action where fraudulent joinder is at issue, "the Court may look beyond the pleadings." Padilla v. AT & T Corp.,

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1352 JVS(DFMx)                    Date  October 22, 2018

Title  Jessica Garcia v. Chipotle Mexican Grill Service Co., LLC et al.

697 F. Supp. 2d 1156, 1159 (C.D. Cal. Dec. 21, 2009). "Thus, a defendant seeking removal based on an alleged fraudulent joinder must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." Id. The removing party asserting fraudulent joinder "carries a heavy burden of persuasion" in making this showing. Nelson v. Diebold Inc., 2015 WL 4464691, at *1 (C.D. Cal. July 21, 2015). It must show "that the plaintiff 'fails to state a cause of action against [the] resident defendant, and the failure is obvious according to the settled rules of the state.'" Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (alteration in original) (quoting Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998)).

Therefore, where there is doubt as to whether the plaintiff states a cause of action against the defendant, "the doubt is ordinarily resolved in favor of the retention of the case in state court." Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 (9th Cir. 1944). "If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand." Macey, 220 F. Supp. 2d at 1117.

### III. DISCUSSION

**A.    Garcia's Administrative Remedies Against Orozco**

Before bringing suit under the Fair Employment and Housing Act ("FEHA"), a plaintiff must first exhaust the administrative remedies available to her. Yurick v. Superior Court, 209 Cal.App.3d 1116, 1121 (1989). The plaintiff must file the charge with the DFEH within one year of the alleged unlawful practice. See Cal. Gov't Code § 12960(d). The one year period may be extended "[f]or a period of time not to exceed 90 days following the expiration of that year, if a person allegedly aggrieved by an unlawful practice first obtained knowledge of the facts of the alleged unlawful practice after the expiration of one year from the date of their occurrence." Cal. Gov't Code § 12960(d)(1). Failure to comply with the timing requirements bars the plaintiff from filing suit on untimely claims. Cal. Gov't Code § 12965(b).

Chipotle removed the case to federal court despite the lack of diversity on the face of the complaint because it claims that Orozco was fraudulently joined to defeat diversity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1352 JVS(DFMx) | Date | October 22, 2018 |
| Title | Jessica Garcia v. Chipotle Mexican Grill Service Co., LLC et al. | | |

(Ntc., Docket No. 1 ¶ 11.) In particular, Chipotle alleges that Garcia failed to exhaust the required administrative remedies through the DFEH with regard to Orozco because she filed DFEH charges against Orozco on September 11, 2017, more than one year after she quit her job at Chipotle. (Opp'n., Docket No. 14 at 5, 7.) Since Garcia's last day at Chipotle, July 5, 2016, would have been the last possible date she could have experienced an unlawful employment practice, Chipotle argues that July 5, 2017 would have been the latest date she could have filed DFEH charges against Orozco. Id. at 5. Since September 11, 2017 fell after that deadline, Chipotle contends that Garcia cannot state a claim against Orozco. Id.

Garcia states that she was not aware of Orozco's legal name at the time she filed the original complaint with DFEH. (Garcia Dec., Docket No. 15 ¶ 3.) She indicates that she knew of Orozco as being called "Eloy," but was unaware whether this was a nickname or first name. (Id.)

Chipotle argues Garcia's purported lacked of knowledge of Orozco's identity is unimportant. (Opp'n., Docket No. 14 at 8.) The Court disagrees.[1] Since § 12960(d)(1) provides an additional ninety day extension to the one year deadline if the plaintiff "first obtained knowledge of the facts of the alleged unlawful practice" after one year from that unlawful practice has passed, Garcia's amended filing identifying Orozco may not have been untimely. Cal. Gov't Code § 12960(d)(1). Provided that Garcia lacked knowledge of Orozco's name on July 5, 2017, she may have had an additional ninety days to file charges with the DFEH against him, which would have allowed her until October 5, 2017 at the latest.[2] Id. Garcia's amended charges with the DFEH on September 11, 2017

---

[1] Chipotle has objected to a portion of Janeen Carlberg's Declaration based on grounds of a lack of personal knowledge and relevance. (Obj. Docket No. 14-6 at 2.) The Court does not consider the objected to portion of the declaration because Carlberg lacked personal knowledge of the information. But the Court does consider that Garcia requested that Chipotle identify Orozco by stating his full name and last known contact information in discovery. (Carlberg Declaration, Docket No 12-1, Ex. B at 4.)

[2] At oral argument, Chipotle cited Williams v. City of Belvedere, 72 Cal. App. 4th 84 (1999) to support its contention that § 12960(d)(1) would not apply, and argued that the Legislature did not intend the statute to cover situations in which a plaintiff does not know the identify of someone she seeks DFEH charges against. Williams, however, dealt with a situation in which the plaintiff did not file charges with the DFEH until over one month after the one year deadline and ninety day extension

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 18-1352 JVS(DFMx)                    Date  October 22, 2018

Title    Jessica Garcia v. Chipotle Mexican Grill Service Co., LLC et al.

could have fallen within that extension window; thus, Garcia can possibly state a claim against Orozco. Because Chipotle has not met its heavy burden in showing that Garcia failed to state a claim against Orozco and fraudulently joined him as a resident defendant, the Court **grants** Garcia's motion to remand. See Macey v. Allstate Prop. & Cas. Ins. Co., 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002); Albi v. Street & Smith Publications, Inc., 140 F.2d 310, 312 (9th Cir. 1944).[3]

## IV. Conclusion

For the foregoing reasons, the Court **grants** Garcia's motion to remand. This action is remanded back to the Orange County Superior Court from which it was removed.

**IT IS SO ORDERED.**
.

                                                                      :    00
                                          Initials of Preparer      kjt

---

passed. In contrast, Garcia may have filed the amended charges against Orozco within the ninety day extension window after the initial year deadline passed. In addition, in the absence of cited state law authority indicating that § 12960(d)(1) does not apply to facts including identity of a perpetrator, the Court construes the statute liberally.

[3] Since the Court determines that remand is proper in light of the potential for Garcia to state a claim against Orozco, the Court does not address the parties' other arguments regarding timeliness of removal and amount in controversy.